IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 10-cv-02201-LTB-KMT

MARVIN GREEN,

       Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General, United States Postal Service,

       Defendant.

_____

ORDER
_____

This matter is before me on the Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) **[Doc #23]**, filed by Defendant Patrick R. Donahoe, Postmaster General, United States Postal Service. Defendant asks the Court to dismiss three of Plaintiff Marvin Green's five claims. For the reasons stated below, I GRANT Defendant's motion.

**I. Background**

This case involves Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff was employed by the United States Postal Service from August 4, 1973, until he retired on March 31, 2010, advancing during his career from letter carrier to postmaster. Plaintiff claims that each of the following acts constitutes discrimination on the basis of retaliation: an investigative meeting notice delivered to his home on November 25, 2009 (the "First Claim"); an investigative interview conducted on December 11, 2009 (the "Second Claim"); a threat of criminal prosecution for intentionally delaying the mail (the "Third Claim"); and placing

1

him in non-pay status while on emergency leave (the "Fourth Claim").  Plaintiff's fifth claim is that his retirement was forced and was thus constructively discharged (the "Fifth Claim").

In his motion, Defendant invokes Fed. R. Civ. P 12(b)(1) and argues that Plaintiff's First, Second, and Third Claims should be dismissed for want of subject matter jurisdiction because Plaintiff did not exhaust them.  Defendant's motion leaves the Fourth and Fifth Claims untouched.

## II. Standard of Review

Dismissal pursuant to Rule 12(b)(1) is appropriate if a court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  *See* Fed. R. Civ. P. 12(b)(1).  Jurisdictional issues must be addressed at the beginning of every case, and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.  *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).  The plaintiff has the burden of establishing a court's subject matter jurisdiction over his claims.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

When a party moves pursuant to Rule 12(b)(1), the "party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  In analyzing the motion, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*  Documents appropriate for consideration in determining jurisdiction under the rule include the underlying administrative charge.  *See, e.g.*, *Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996).  Reference to, and reliance on, evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56.  *SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

### III. Discussion

Defendant contends that Plaintiff's First, Second, and Third Claims (collectively, the "Challenged Claims") should be dismissed for want of subject matter jurisdiction because they were not exhausted. "Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII" in the Tenth Circuit. *Runyon*, 91 F.3d at 1399 (quoting *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980)); *accord Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). A plaintiff must therefore exhaust her administrative remedies before bringing suit under Title VII. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). This rule applies to " 'each discrete incident' of alleged discrimination or retaliation" because each incident "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

Requiring exhaustion of administrative remedies "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez*, 347 F.3d at 1211. "[B]ecause failure to exhaust remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum*, 281 F.3d 1099, 1106 (10th Cir. 2002). Analyzing whether a plaintiff exhausted his administrative remedies is a two-step inquiry, beginning with the timeliness of the administrative charges.

#### A. The Timeliness of Plaintiff's Equal Employment Opportunity Charges

To show exhaustion, Plaintiff–as a federal employee–must first show that he timely

contacted an Equal Employment Opportunity ("EEO") counselor for informal counseling, and, if that was unsuccessful, that he filed a timely EEO complaint. 29 C.F.R. §§ 1614.105(a), (d), 106; *see Martinez*, 347 F.3d 1208; *see also Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183-86 (10th Cir. 2007). This is because a court "lack[s] jurisdiction to review Title VII claims that are not part of a *timely-filed* EEOC charge." *Annet v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (emphasis added). The parties do not dispute that Plaintiff satisfies the timeliness requirement. *See Green v. Potter*, 2011 WL 2693523, at *3 (D.Colo. July 12, 2011). Whether Plaintiff exhausted the Challenged Claims therefore turns on the inquiry's second step.

### *B. The Scope of Plaintiff's EEO Charges*

The second step in exhaustion is discerning the scope of the allegations raised in Plaintiff's EEO charges. A plaintiff "can bring a lawsuit for only those 'unlawful employment practices' described in his or her administrative charge." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007). A court can exercise jurisdiction over claims falling within "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *See Jones*, 502 F.3d at 1186 (internal quotations and citations omitted). Courts "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Id*. Plaintiff filed two EEO charges with the Equal Employment Opportunity Commission (the "EEOC"). Accordingly, to conclude that the Challenged Claims were exhausted, Plaintiff must show that each claim falls within "the scope of the administrative investigation that can reasonably be expected to follow" at least one of the charges. *Id*. For the reasons below, I conclude that he has not met this burden. I therefore lack subject matter jurisdiction over the Challenged Claims. I begin with the first EEO charge.

### 1. The February Charge

Plaintiff filed his first EEO charge on February 17, 2010 (the "February Charge"). It alleged that he was discriminated against on the basis of retaliation twice: when he was removed from his post-master position in Englewood, Colorado on December 11, 2009; and when he was issued an emergency placement letter dated December 11, 2009, for the disruption of day-to-day postal operations. (The February Charge alleged four additional retaliatory actions related to events in May and June 2009, but the EEO counselor determined that these were untimely and had been raised in a prior EEO complaint. They were thus dismissed.) The complaint did not mention any of the Challenged Claims. The EEOC dismissed the February Charge without an investigation, and the EEOC Office of Federal Operations affirmed.

Even construing the February Charge liberally, as I must, *Jones*, 502 F.3d at 1186, it patently does not "describe" the Challenged Claims imperiled here. *See Montes*, 497 F.3d at 1166 ("[A] plaintiff can only bring a lawsuit for those 'unlawful employment practices' described in his or her administrative charge."). Nor does it contain any indicia of them. *See, e.g.*, *Jones*, 502 F.3d at 1187 (finding that the plaintiff's failure to accommodate claim was not within the scope of his EEO charge because the plaintiff "checked 'no' in response to the question: 'Did you advise your employer that you needed an accommodation?' " and because "the text of the charge d[id] not contain facts" of a denied accommodation). This charge instead lucidly asserted two other retaliation claims. Seeking to add three additional retaliation claims now thus "plainly exceeds the scope of [Plaintiff's] EEOC charge." *Mackenzie*, 414 F.3d at 1274 (finding that a plaintiff "plainly exceed[ed] the scope of her EEOC charge" when she sought to add depression as a second disability when her charge of discrimination identified coronary disease as her only disability).

Furthermore, the Challenged Claims would not fall within the scope of an administrative investigation that could reasonably be expected to follow the charge. This is because the Challenged Claims "are absent from the charge." *Jones*, 502 F.3d at 1187 ("[T]he text of the charge does not contain facts that would prompt an investigation of Mr. Jones's claim that UPS failed to accommodate him. Indeed, facts related to the alleged act of discrimination–UPS's failure to consider accommodating his perceived disability–are absent from the charge."); *accord Hull v. Co. Bd. of Governors of Colo. St. Univ. Sys.*, - - - F.Supp.2d - - -, 2011 WL 1134991, at *12 (D. Colo. Mar. 28, 2011) ("[P]laintiff nowhere alleges in his Charge of Discrimination that he sought reinstatement or that the failure to reinstate him constituted a form of discrimination. . . . Therefore, to the extent plaintiff's Title VII claim relies upon the failure to be reinstated, it is unexhausted."); *see also Underwood v. GEO Group, Inc.*, 2010 WL 2653316, at *4 (D. Colo. June 30, 2010) (finding no exhaustion of the claims because the "review of Plaintiff's EEOC charges reveals that the specific incidents of discrimination alleged in Plaintiff's complaint, as set forth above, were not set out in Plaintiff's EEOC charge"). A reasonable investigation of this charge would entail why Plaintiff was removed from his post-master position and why he was issued an emergency placement letter–the two alleged retaliations. Adopting Plaintiff's position would mean that the EEOC is expected to investigate acts about which EEO complaints are utterly silent. This would be unreasonable.

Plaintiff appeals to hypotheticals in contending that the February Charge exhausted the Challenged Claims. He contends that "had he given an affidavit and had the [EEOC] investigated his complaint," they would have been included in the charge. This argument is specious. As described above, a reasonable investigation would have been comprised of the two claims affirmatively asserted because "the text of the charge does not contain facts that would prompt an

investigation of" the Challenged Claims. *See Jones*, 502 F.3d at 1187.  It is also tautologous. Plaintiff is essentially arguing that had he included the Challenged Claims in the February Charge via an affidavit, they would have been included and exhausted.  Plaintiff could have included the Challenged Claims in the charge, as the they predate it.  He did not.  Because I find that Plaintiff has not met his burden of showing that the Challenged Claims are within the scope of the February Charge, *see McBride*, 281 F.3d at 1106, I turn to the April Charge.

### 2. The April Charge

Plaintiff filed his second EEO charge on April 23, 2010 ("the April Charge"), alleging the following:

> Since filing my charges of discrimination the Agency has engaged in harassing, bullying and attempting to force me to quit or retire. I was forced out of my job as Postmaster Englewood, CO . . . or to move to the state of Wyoming about 400 miles from Denver, CO for a Postmaster position . . . without save pay . . . and without any relocation cost. They also stopped my 2009, Pay-For-Performance Salary Increase. . . . On December 19, 2009, Charmaine Ehrenshaft, downgraded me to an EAS-13 Postmater . . . . They also used bullying, harassment, intimidation by possible criminal charges for delay of mail . . . .

Def.'s Mot. Ex. D at 2.  Plaintiff noted March 31, 2010, as the date of this retaliation. *Id.* at 1. The EEOC sent Plaintiff a letter of acceptance for investigation, notifying him that the following issues would be investigated: (1) being forced to retire; (2) his downgrade from a level 22 to level 13 postmaster; and (3) his 2009 pay-for-performance salary increase being stopped. *Id*. Ex. E at 4-5. In response, Plaintiff sent a letter to the EEOC stating that "the only issue that should be investigated [] is the constructive discharge claim or that 'he was forced to retire from his job as a Postmaster, Englewood, CO.' " *Id.* at 3.  The EEOC sent Plaintiff a revised letter of acceptance for investigation stating that only the constructive discharge allegation would be investigated. The EEOC dismissed the April Charge on multiple grounds after an investigation. *See id.* Ex. F.

My analysis in Part III.B.1, *supra*, is currency here. The April Charge is bereft of any description or indicia of the First or Second Claims. *See Montes*, 497 F.3d at 1166; *see also Jones*, 502 F.3d at 1187. Consequently, those two claims would not–and indeed did not–fall within the scope of the administrative investigation that followed the charge's allegation. *See* Part III.B.1, *supra*; *see also* Jones, 502 F.3d at 1187; and *Hull*, 2011 WL 1134991, at *12. Seeking to add them now thus "plainly exceeds the scope of" the April Charge. *Mackenzie*, 414 F.3d at 1274. The charge therefore did not exhaust those two claims.

Plaintiff, however, alludes to the Third Claim in the April Charge. He stated that "[t]hey also used . . . intimidation by possible criminal charges for delay of mail." Def.'s Mot. Ex. D at 2. I need not conclude whether this would have, in and of itself, exhausted the Third Claim because Plaintiff voluntarily circumscribed his April Charge to include only the constructive discharge allegation, thereby removing any chance that the Third Claim would have been investigated. *Id.* Ex. E at 3. I thus refrain from rendering that determination. Moreover, allowing Plaintiff to explicitly direct the EEOC not to investigate the threat of criminal prosecution and then countenancing his bringing that very issue here undermines the well-established rule that each discrete incident of retaliation constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Morgan*, 536 U.S. at 110-13. Permitting Plaintiff to engage in veritable sandbagging also circumvents the purpose of the exhaustion rule, which is "to put an employer on notice of a violation prior to the commencement of judicial proceedings." *Martinez*, 347 F.3d at 1211.

Plaintiff asserts that his April Charge encompassed the Challenged Claims because his affidavit submitted on June 4, 2010, in support thereof mentions the three incidents underlying the Challenged Claims. In pertinent part, the four page narrative states that "on November, 25, 2009,

8

Ehrenshaft scheduled me for an investigative interview. . . . At the December 11, 2009, investigative meeting . . . I was informed that I was being investigated for intentionally delaying the mail. . . . The agents stated that the matter would be referred to the United States Attorney's Office . . . ." *See* Pl.'s Resp. Ex. 1 at 15-16.

This argument treads on infirm ground. Plaintiff posits that I can and must consider the affidavit. This may not be so. For guidance on this issue, I turn to an unpublished Tenth Circuit decision stating that "allegations outside the body of the [EEO] charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Welsh v. City of Shawnee*, 1999 WL 345597, at *5 (10th Cir. June 1, 1999) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994)). It is unclear that Plaintiff was claiming these three acts as discrete incidents of retaliation in his affidavit and, thus, that he desired the EEOC to investigate them as such. To the contrary, Plaintiff's affidavit was submitted as an answer to an EEOC investigator's request to "[p]lease explain the circumstances and explain why you believed you were forced to retire." Pl.'s Resp. Ex. 1 at 4, 14-17. A plain reading conveys that the affidavit was proffered as factual support for the constructive discharge claim. This shows that the Challenged Claims would fall outside the scope of a reasonable investigation of the charge based on the affidavit because that investigation would include only the constructive discharge claim. *See* Jones, 502 F.3d at 1187; *see also Hull*, 2011 WL 1134991, at *12. Because it is unclear that Plaintiff intended the EEOC to investigate any of the Challenged Claims *at the time he filed his complaint or affidavit*, it is dubious that I should even consider the affidavit and should instead confine my analysis to the charge.

Assuming, *arguendo*, that I may consider the affidavit, Plaintiff still circumscribed it and its concomitant investigation so as to exclude the Challenged Claims. And without recapitulating it,

my reasoning with regards to the Third Claim vis-à-vis the April Charge applies to the affidavit as well. I therefore conclude that the April Charge, even augmented by the affidavit, exhausted none of the Challenged Claims.

### *C. Both Charges*

Here I discuss my reasoning applicable to both charges. I reiterate that subject matter jurisdiction and exhaustion are not presumed; rather, Plaintiff has the burden of showing them. *Steel*, 523 U.S. at 94; *McBride,* 281 F.3d at 1106.

Plaintiff's desire is discordant with *Jones*, *supra*–the case the parties agree controls. *Jones* held that a court's "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." 502 F.3d at 1186. Plaintiff never alleged that any of the acts underpinning the Challenged Claims was discriminatory. *See* Part III.B.1 and 2. Hence, they are excluded from the EEO complaints' respective scopes. *See Jones*, 502 F.3d at 1187; *see also Hull*, 2011 WL 1134991, at *12.

Plaintiff's EEO charges also lack the indicia contained in the plaintiff's EEO charge in *Jones* that led the court to rule that the discrimination and retaliation claims were exhausted. *See* 502 F.3d at 1186-87 (holding that the plaintiff exhausted his disability discrimination and retaliation claims despite failing to check the boxes indicating retaliation and disability as bases for the alleged discrimination on the second page of his EEO charge because his answers to other questions in the charge conveyed those two claims). I find that this situation is more akin to the *Jones* plaintiff's failure to accommodate claim, which the court held was unexhausted. *Id.* at 1187. The *Jones* plaintiff affirmatively alleged the failure to accommodate claim, but the court found that it was not within the scope of the charge because the charge lacked any facts that would prompt its

investigation and because the plaintiff answered "no" to the question "[d]id you advise your employer that you needed an accommodation?" *Id.* Plaintiff's EEO charges are similarly devoid of any facts that would prompt an investigation of any of the Challenged Claims. To be sure, they may contain facts that would prompt an investigation of their stated retaliations or the forced retirement, but that is not the inquiry here. And Plaintiff's footing is more tenuous than the plaintiff's in *Jones* because Plaintiff failed to even assert the Challenges Claims in his EEO charges.

The most problematic aspect of Plaintiff's position is that it rings of antiquated law. It used to be that "[w]hen an employee seeks judicial relief for instances not listed in his original charge to the EEOC," as is the case here, "the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the EEOC charge." *Martinez*, 347 F.3d at 1210 (quoting *Ingles v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994)). But, this is no longer so. *See Morgan*, *supra*. Now, each discrete incident of retaliation constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Id.* at 110-13.

Allowing Plaintiff to bring the Challenged Claims vitiates and contravenes this rule. Under Plaintiff's approach, every asserted claim in an EEO charge can be pregnant with a myriad of possible discriminatory claims that are exhausted vicariously upon filing the EEO charge and may surreptitiously gestate until Plaintiff marshals them in federal court. Put differently, Plaintiff's conception of the *Jones* scope rule swallows the *Morgan* rule whole because asserting one claim–for example, constructive discharge–would exhaust all other claims whose factual bases support or provide context for the stated EEO charge. This corrodes the very purpose of the exhaustion rule, which is "to put an employer on notice of a violation prior to the commencement of judicial proceedings." *Martinez*, 347 F.3d at 1211. It would also create a situation ripe for abuse: A

prospective plaintiff-employee contemplating filing suit may submit a weak charge of discrimination with the EEOC as a quasi-poison pill, tucking his intended federal court claims therein to exhaust them without signaling them to his employer so as to gain an advantage in the envisaged litigation.

This cannot be the outcome *Morgan* and its progeny intended, as they emphasize the individuation of claims and the exhaustion thereof. Indeed, in *Jones*, although the plaintiff's claims derived from the same set of facts, the court examined each claim independently for exhaustion, demonstrating that one claim may not exhaust others even if their underlying facts are the same. *See* 502 F.2d 1186-87. Likewise, *Mackenzie* precluded a plaintiff from asserting a second disability during litigation when her EEOC charge identified coronary disease as her only disability. 414 F.3d at 1274. Plaintiff's attempt here is essentially the same. He seeks to add three retaliation claims –the Challenged Claims–to those distinct retaliatory claims alleged in his EEO charges. This is impermissible. *See id.*

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) **[Doc #23]** is GRANTED.

Date: October   28   , 2011 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

prospective plaintiff-employee contemplating filing suit may submit a weak charge of discrimination with the EEOC as a quasi-poison pill, tucking his intended federal court claims therein to exhaust them without signaling them to his employer so as to gain an advantage in the envisaged litigation.

This cannot be the outcome *Morgan* and its progeny intended, as they emphasize the individuation of claims and the exhaustion thereof. Indeed, in *Jones*, although the plaintiff's claims derived from the same set of facts, the court examined each claim independently for exhaustion, demonstrating that one claim may not exhaust others even if their underlying facts are the same. *See* 502 F.2d 1186-87. Likewise, *Mackenzie* precluded a plaintiff from asserting a second disability during litigation when her EEOC charge identified coronary disease as her only disability. 414 F.3d at 1274. Plaintiff's attempt here is essentially the same. He seeks to add three retaliation claims –the Challenged Claims–to those distinct retaliatory claims alleged in his EEO charges. This is impermissible. *See id.*

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) **[Doc #23]** is GRANTED.

Date: October   28   , 2011 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE