## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 10-cv-02201-LTB-KMT | FTR - Courtroom C-201 |
| **Date:** November 20, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| MARVIN GREEN, | Elisa Julie Moran |
| | John Edward Mosby |
| Plaintiff, | |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, United States Postal Service, | Nathalie Erin Cohen |
| Defendant. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 9:39 a.m.**
Court calls case.  Appearances of counsel. Plaintiff Marvin Green present with counsel.

Motion Hearing is called regarding Plaintiff's Third Motion to Compel Discovery or for Sanctions Based Upon Defendant's Failure to Comply with the Court's June 20, 2012 Order [Doc. No. 73, filed September 20, 2012].

Oral argument from Plaintiff.
Oral argument from Defendant.

It is **ORDERED**:   Plaintiff's Third Motion to Compel Discovery [73] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

The motion is **DENIED** as to documents pertaining to Laura Avila, Nicholas Morgan, and Mike Wheeler.

The motion is **GRANTED** as to the destroyed disciplinary file of Mr. Kenneth Price. The court finds it likely that most of the documents which would have been in the disciplinary file for Mr. Price will be in the possession of or available to the attorneys representing the Postal Service in the MSPB/Price matter.  Therefore, all non-privileged documents the legal department has in their possession pertaining to Mr. Price's original investigation, interviews, discipline,

          demotion, his MSPB appeal of his demotion, reinstatement and destruction of any documents as well as any documents which placed him back in his previous status (or a higher status) shall be produced on or before December 4, 2012.  A privilege log shall be prepared and submitted for any documents withheld on the basis of privilege.  This Order grants Plaintiff access to ALL non-privileged documents, not just those technically compliant with the court's June 20, 2012 Order.

          The Court notes this is production shall act as a sanction for Ms. Charmaine Ehrenshaft destroying the disciplinary file pertaining to Mr. Price sometime in 2012, long after the litigation hold was placed in this case and with full knowledge of the likely relevance of Mr. Price as a potential comparator to Plaintiff.

          The deposition of David Knight may be re-opened ONLY pertaining to new documents produced in this matter. Plaintiff's counsel shall determine if he wishes to re-depose Mr. Knight for this limited purpose on or before December 6, 2012. The Court leaves open a ruling on who shall be required to pay for the deposition; the showing which will be required from Plaintiff in order to obtain payment of the deposition by Defendant is whether the late transmittal of the documents caused Plaintiff to be unable to inquire on a particular topic at the original deposition and that the inquiry topic(s) is both relevant and necessary to the prosecution of the case.  If such a showing is made costs will be borne by Defendant. If the parties disagree regarding whether further deposition of Mr. Knight is warranted, the parties are instructed to conduct a conference call and contact chambers at (303) 335-2780 and advise of the need for a forthwith hearing.

It is **ORDERED**:   Defense counsel shall submit a stipulation to Plaintiff that the letter sent to Mr. Price advising him of the original investigation and stating that Mr. Price was to be placed on administrative leave with pay while the investigation continued did exist at one time in the files of the Postal Service, but now longer exists and that the Defendant stipulates that Mr. Price was advised that he would be placed on leave *with* pay.

It is **ORDERED**:   Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment [Doc. No. 90, filed November 12, 2012] **is extended to December 18, 2012**. Plaintiff's Reply to Response to Motion for Summary Judgment [90] **shall be due on or before January 7, 2013.**

| | |
|---|---|
| It is **ORDERED**: | The court views the requests made by the Plaintiff with respect to Harry Soo and Abel Maes as a separate issue of spoliation not fully addressed at this time.  Documents which have been found and are responsive to the court's June 20, 2012 order have been produced Defendants, however the parties do not dispute that the disciplinary files of both Soo and Maes have been destroyed pursuant to a two-year retention policy implemented by Charmaine Ehrenshaft.  The Plaintiff's position is that this personal policy decision by Ms. Ehrenshaft violates the written retention policies of the Defendant and that such a policy has resulted in the willful spoliation of evidence.  The Plaintiff has until December 3, 2012 to file a motion for sanctions for spoliation concerning the files of Soo and Maes based on the document retention policy implemented by Ms. Ehrenshaft.  Defendant may respond on or before December 10, 2012 and Plaintiff may reply on or before December 14, 2012.  Should Plaintiff decide against pursuing sanctions as defined herein, Plaintiff shall inform the court and opposing counsel on or before December 3, 2012. |
| It is **ORDERED**: | The Final Pretrial Conference currently set for January 8, 2013 at 9:45 a.m. is **VACATED** and reset to March 7, 2013 at 9:45 a.m. The parties shall file their Proposed Final Pretrial Order on or before February 28, 2013. The parties are directed to submit a Word or Word Perfect copy of the Final Pretrial Order to chambers at Tafoya_Chambers@cod.uscourts.gov. |

**Court in Recess: 11:18 a.m.**
Hearing concluded.
Total In-Court Time     01:39

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.