IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02201–LTB–KMT

MARVIN GREEN,

 Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General, United States Postal Service,

 Defendant.

## ORDER

This matter is before the court on Defendant's "Motion to Revise the Court's November 20, 2012, Order" [Doc. No. 92] ("Motion") filed November 29, 2012. The Order referenced in the Defendant's motion is contained as part of the Minutes of a court proceeding occurring on November 20, 2012. [See Doc. No. 91.] The Defendant takes issue with a date contained in the Minutes, specifically at page two, wherein the court finds that Charmaine Ehrenshaft destroyed personnel documents having to do with Kenneth Price, now identified by Plaintiff as a comparator, "sometime in 2012." Defendant argues that Ms. Ehrenshaft's Declaration [Doc. No. 82-4, "Ehrenshaft Decl."] affirms that she did, indeed, destroy the Price personnel documents, however she did so "within a week or two" of the decision to rescind the disciplinary action previously taken against Mr. Price. That rescission occurred in April 2011, not in 2012. (*Id*. at ¶ 3.)

Plaintiff has objected to correction of the Minutes and filed his Response on December 5, 2012 [Doc. No. 99]. Defendant filed its Reply on December 14, 2012. [Doc. No. 100.] Plaintiff's primary objection to correction of the Minutes is to note that whether "relevant documents were destroyed after Green filed his EEO complaint in April, 2010" is the quintessential inquiry and that specific timing thereafter is irrelevant. (*Id*. at ¶¶ 5-6.) Plaintiff does not, however, proffer any evidence countering Defendant's position that Ms. Ehrenshaft destroyed the documents in or about April 2011 and not "sometime in 2012." Defendant argues that the earlier timing of the destruction of documents by Ms. Ehrenshaft blunts the court's finding that the destruction was done "with full knowledge of the likely relevance of Mr. Price as a potential comparator to Plaintiff." (Minutes at 2.)

Upon reflection and consideration, this court finds that the timing of Ms. Ehrenshaft's destruction of documents reflected in the Minutes and referenced during the hearing by the court was incorrect. This court now specifically finds that the destruction of the Price documents by Ms. Ehrenshaft occurred in or about April 2011. The Minutes, however, cannot be "revised" because the Minutes correctly reflect what the court stated at the time. Therefore, the issue is whether the court's order should be reconsidered in light of this acknowledged one year time difference.

At the time of the destruction of the Price documents, Ms. Ehrenshaft held the position of Manager of Labor Relations for the United States Postal Service. (Ehrenshaft Decl. at ¶ 1.) Whether Ms Ehrenshaft's document destruction occurred in 2011 or in 2012 as the court originally erroneously found, it is undisputed that the destruction of Mr. Price's personnel

records by Ms. Ehrenshaft occurred well after Mr. Green had begun his EEOC action and filed his current lawsuit.  At the very least, by virtue of the proceedings associated with Mr. Green's EEOC proceedings commenced almost exactly one year previous, she should have been sensitive to the duty and obligation to retain documents in light of litigation <u>and</u> in accordance with the written policies and procedures of the Agency.  Therefore, the court continues to find that Ms. Ehrenshaft's destruction of the personnel records of Mr. Price was inappropriate.  In her capacity as Manager of Labor Relations and in light of the year long EEOC proceedings, she should have recognized that an employee such as Mr. Price would be a potential comparator to Mr. Green, thus heightening her already existing duty and obligation to safeguard and retain personnel records.  Given that the records were undisputedly destroyed, apparently in direct contravention of the rules governing record retention published by the U.S. Postal Service, the sanction imposed by the court as reflected in the Minutes remains appropriate under the circumstances.

Therefore, it is **ORDERED**

Defendant's "Motion to Revise the Court's November 20, 2012, Order" [Doc. No. 92] is **DENIED**.

DATED this 14th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge